# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JULIE WATTS LAMPKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-00103-N |
| ) | |
| WIRECO WORLDGROUP, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action, removed from the Circuit Court of Mobile County, Alabama on March 6, 2014, on the basis of diversity, *see* 28 U.S.C. § 1332, and currently proceeding on the undersigned United States Magistrate Judge's "opt-out" docket, is before the Court *sua sponte* after a review of Defendant WireCo WorldGroup, Inc.'s notice of removal (Doc. 1).

It is this Court's "affirmative duty to question subject matter jurisdiction even when the parties have not done so" or at least have not yet done so—given that this case was just removed, no motion to remand is pending. *E.g., Personnel Servs. Unlimited, Inc. v. SFI Holdings, LLC*, Civil Case No. 1:12cv155, 2013 WL 458161, at *1 (W.D.N.C. Feb. 6, 2013) (citations omitted); *accord Frazier ex. rel. Corado v. Shelton & Tyrone Powe Logging*, Civil Action No. 09–0119–CG–C, 2009 WL 1598428, at *5-6 (S.D. Ala. June 3, 2009). In fulfillment of this duty, the Court notes that the notice of removal appears deficient (or at least incomplete). The notice discusses only one named defendant, WireCo, purported to be a corporate

citizen of Missouri and Delaware. (*See* Doc. 1, ¶¶ 7-9.) But the plaintiff's complaint predominantly mentions an individual, Patrick Yerger, alleged to be a WireCo employee and operator of "a vehicle on June 19, 2013, at the time and place of the crash that is the subject of this action." (*See, e.g.,* Doc. 1-1, ¶¶ 2, 3, 4, 9.) The first time Yerger's name appears in the complaint, moreover, he is listed as a "Defendant" (*see id.*, ¶ 2 ("WIRECO employed Defendant PATRICK YERGER.")), but it does not appear that Yerger is specifically named in either count in the complaint.

Thus, to satisfy the Court that it has subject matter jurisdiction, WireCo must provide further information regarding the status and/or citizenship of Patrick Yerger as of the date this matter was removed. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of [all] parties." (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [the Defendant], [the Defendant] bears the burden of proving that federal jurisdiction exists."); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."))); *cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded.").[1]

It is therefore **ORDERED** that WireCo file a response to this order and/or amend its notice of removal no later than **March 14, 2014**.[2]

**DONE** and **ORDERED** this the 7th day of March, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It is alleged that the plaintiff "is a resident of the State of Alabama" (Doc. 1-1, compl., ¶ 1) and, thus, she appears to be a citizen of Alabama. *See, e.g., Fuller v. Home Depot Servs., LLC*, Civil Action No. 1:07-CV-1268-RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug. 14, 2007) ("[A]bsent any contradictory evidence, [a party's] place of residence is [his] 'domicile.' For purposes of diversity, a party's 'domicile' is the equivalent of his 'citizenship.'" (citing *McCormick v. Aderhot*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)); *accord Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("[D]omicile[, which] requires both residence in a state and 'an intention to remain there indefinitely[,] . . . 'is equivalent to [citizenship] for purposes of diversity jurisdiction.'" (quoting *McCormick*, 293 F.3d at 1258, 1257)). While the complaint includes fictitious parties, the removal statute, moreover, "requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction." *Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (citing 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")). Therefore, if it was clear that WireCo was the only named defendant, the Court would be satisfied that WireCo, as the removing defendant, has satisfied its obligation to establish complete diversity—that is, that all plaintiffs are diverse from all defendants. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

[2] Allowing amendment of a deficient removal petition, pursuant to 28 U.S.C. § 1653, is preferable to remanding a case for lack of subject matter jurisdiction. *See, e.g., Dixon v. DB50 2007-1 Trust*, No. 3:10–CV–35 (CDL), 2010 WL 5174758, at *3 (M.D. Ga. Dec. 15, 2010) ("Although this Court is tempted to remand this action at this time, it is mindful that the Eleventh Circuit Court of Appeals has counseled that the better course is to allow Defendant an opportunity to amend its notice of removal under [certain] circumstances." (citing *Corporate Mgmt. Advisors, Inc. v. Artj en Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009))).